UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 3:16-CR-13 |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| (12) DONALD JENKINS | ) | |
| | ) | |

NOW COMES the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below. The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The defendant agrees that in the event that the defendant fails to enter or attempts to withdraw the defendant's plea of guilty, this factual resume may be used for any and all purposes by the United States during trial. The defendant agrees that this Factual Basis is true and accurate, that it is a confession sufficient to prove the defendant's guilt beyond a reasonable doubt, and that it constitutes an admission, as defined by Rule 801(d)(2)(A) of the Federal Rules of Evidence, and will be admissible against him, without objection. In addition, the defendant knowingly and voluntarily waives the right to object to the admission of this Factual Basis on any ground, including Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

1. The defendant, Donald Jenkins ("JENKINS"), participated in a conspiracy to distribute cocaine base ("crack cocaine") in the Belmont community of Charlotte, North Carolina.

2. The crack cocaine conspiracy was investigated by members of the Federal Bureau of Investigation (FBI) and the Charlotte-Mecklenburg Police Department (CMPD) from June

2015 through January 2016. Agents with the FBI and officers with CMPD used multiple confidential informants and undercover officers to make more than 80 controlled crack cocaine buys against 20 targets. The vast majority of the controlled buys were recorded on video. Other evidence, including significant phone contacts made between co-conspirators during the time period of the conspiracy, was also collected by investigators.

3. The defendants involved in this conspiracy sold crack cocaine out of a variety of locations in the Belmont community of Charlotte, including: residences, vehicles, and open areas such as parking lots, public roads, and sidewalks. Significant crack cocaine distribution in this conspiracy occurred at three residences within several hundred feet of each other: 1012 Belmont Avenue, 1111 Belmont Avenue, and 1116 Allen Street. Significant crack cocaine distribution also took place outdoors in the Belmont community, in the vicinity of Belmont Avenue, Seigle Avenue, E. 17th Street, Allen Street and Harrill Street.

4. On October 29, 2015, JENKINS facilitated a crack cocaine sale at his apartment at 1111 Belmont Avenue. The crack cocaine was later tested at the CMPD lab and weighed 0.68 grams.

5. On November 3, 2015, JENKINS facilitated a crack cocaine sale directly outside his apartment at 1111 Belmont Avenue. The crack cocaine was tested at the CMPD lab and weighed 0.42 grams.

6. On November 5, 2015, JENKINS facilitated a crack cocaine sale at his apartment at 1111 Belmont Avenue. The crack cocaine was tested at the CMPD lab and weighed 0.31 grams.

7. On November 17, 2015, JENKINS facilitated a crack cocaine sale at his apartment at 1111 Belmont Avenue. The crack cocaine was tested at the CMPD lab and weighed 0.41 grams.

8. On November 23, 2015, JENKINS facilitated a crack cocaine sale at his apartment at 1111 Belmont Avenue. The crack cocaine was tested at the CMPD lab and weighed 0.20 grams.

9. Video evidence collected during this investigation demonstrated crack cocaine distribution ties between JENKINS and several co-conspirators.

10. Evidence collected by the FBI and CMPD demonstrated that JENKINS had significant phone contacts with several co-conspirators during the period of this investigation.

11. JENKINS spoke with investigators upon arrest on January 27, 2016. During the interview, JENKINS admitted to conspiring with several other co-defendants by facilitating crack cocaine deals. Specifically, JENKINS admitted to facilitating these deals by acting as a middle man and being paid by co-conspirators in cash and crack cocaine. JENKINS admitted to facilitating well over one hundred crack cocaine deals with co-defendants.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
WILLIAM T. BOZIN
ASSISTANT UNITED STATES ATTORNEY

_____
LAMBERT F. GUINN
ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

I, Elizabeth Blackwood, have read this Factual Basis, the Bill of Indictment, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the plea agreement.

_____          DATED: 3/17/16
Elizabeth Blackwood, Attorney for Defendant

Authority, Signature, and Acknowledgment of the Defendant

I, Donald Jenkins, have read this Factual Basis and have discussed it with my attorney, Ms. Blackwood. The facts outlined herein accurately describe the events and circumstances surrounding my offense(s). I fully understand the contents of this Factual Basis, and enter into this Factual Basis without reservation.

_____          DATED: 3-17-16
Donald Jenkins, Defendant

3